UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In Re:

CORI DUVALL


                        Debtors,                          **COMPLAINT**

_____

CORI DUVALL                                              **ADVERSARY PROCEEDING**
5550 County Road 30
Canandaigua, New York 14424                             **BK#: 19-20179**
                                                         **AP#:**
 SSN: xxx-xx-2304
                        Plaintiffs,

        -against-


COUNTY OF ONTARIO, NEW YORK, and
"JOHN DOE" and "JANE DOE", said names
 being fictitious, it being the intention of
Plaintiffs to name any third-party purchaser
of Plaintiffs' home at 9097 County Road 14,
Honeoye Fall, NY 14472 during the property
tax foreclosure auction held by Ontario
County at 2914 County Road 48, Canandaigua,
NY 14424 at 7 p.m., May 17, 2017

                        Defendants

_____


## I. PRELIMINARY STATEMENT

1.      This is an adversary proceeding by Plaintiff CORI DUVALL, (hereafter "Debtor")

against Defendant ONTARIO COUNTY (hereafter "Ontario County") to avoid the tax

foreclosure of her family farm at 9097 County Road 14, Honeoye Falls, NY 14472, as a

fraudulent conveyance, pursuant to 11 U.S.C. §548(a)(1)(B) and 11 U.S.C. §522(h). Ontario

County obtained a judgment of foreclosure due to property tax arrears of $21,486.49, far less

1

than the value of the property. Ontario County assessed the home at $186,800.00, as of the default judgment date. This amount has been provisionally used by Debtor in her Chapter 13 filing.

2.      On March 1, 2019, Debtor filed a Chapter 13 plan that provides for full repayment of the property tax arrears as well as 100 percent repayment of debts owed to unsecured creditors. In bringing this action, Debtor seeks to preserve her family farm and bring an asset back into the estate for the benefit of her creditors.

3.      Debtor seeks a judgment from this Court avoiding the transfer of title to Debtor's home to Ontario County or to any other successors in interest to Ontario County, and restoring Debtor's ownership and possessory rights to her family farm.

4.      On May 16, 2017, Debtor filed an Order to Show Cause to stop the sale of 9097 County Road 14 and vacate the default judgment of foreclosure against her because she was never served or noticed with the Petition and Notice of Petition of the foreclosure action. On May 16, 2017, the Order to Show Cause was signed by Hon. William F. Kocher, setting a court date of June 26, 2017 for the Hon. Frederick G. Reed to hear whether the default judgment should be vacated. Pursuant to that order, the tax foreclosure auction scheduled for May 17, 2017, could continue, but Ontario County could not transfer 9097 County Road 14 to any prospective purchaser until the final legal resolution of the matter, including appeals or further order of that Court.

5.      Ontario County held a property tax foreclosure auction of 9097 County Road 14 on Wednesday, May 17, 2017, at the Ontario County Training Facility, 2914 County Road 48, Canandaigua, NY 14424. Upon information and belief, a bid from a prospective purchaser was accepted by Ontario County.

2

6.    Ontario County Supreme Court ruled against the Debtor after hearing the Order to Show Cause on June 26, 2017. A Decision and Order was entered in Ontario County Clerk's Office on July 7, 2017. Debtor appealed that decision to the Fourth Department Appellate Division. On February 8, 2019, the Appellate Division affirmed the Ontario County Supreme Court Decision and Order.

## II.  JURISDICTION

7.    On March 1, 2019, Debtor filed a petition in the above-captioned proceeding under Chapter 13 of the U.S. Bankruptcy Act.

8.    Debtors claimed 9097 County Road 14 as an exempt asset pursuant to 11 U.S.C. §522(d)(5).

9.    This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)E and (H).

10.    The Court has jurisdiction over applications to avoid a transfer of an asset for less than reasonably equivalent value if the debtor was insolvent or rendered insolvent as of the date of the transfer. 11 U.S.C. §548(a)(1)(B); 11 U.S.C. §522(h).

## III.  PARTIES

11.    Plaintiff is Debtor, Cori DuVall. She is the current owner of 9097 County Road 14, which is her family farm owned originally by her parents. Her father passed away approximately 15 years ago, and up until her mother had a stroke in December 2015, her mother continued to live on the family farm. Her sister continued to live there for some time afterward.

12.    Defendant Ontario County is a duly constituted county located in New York State. The responsibilities of Ontario County include collecting taxes assessed on real property within the county.

3

13.    Defendants JOHN DOE and JANE DOE are fictitious names, intending to designate

any third-party purchaser of Debtor's farm at 9097 County Road 14, Honeoye Falls, NY

14472, during the property tax foreclosure auction held by Ontario County at 2914 County

Road 48, Canandaigua, NY 14424, on May 17, 2017.

## IV.  STATUTORY FRAMEWORK

14.    Ontario County is subject to Article 11 of the New York State Real Property Tax Law

(hereafter "NYRPTL") as it has not exercised an option to opt out of this article.

15.    Under Article 11 of NYRPTL, a judgment of foreclosure obtained by Ontario County

results in the loss of ownership of such property and all rights in that property by the

homeowners in favor of Ontario County. NYRPTL §1136(2) and (3).

16.    Ontario County has not adopted any procedures to allow homeowners to apply for a

repayment plan for property tax arrearages, as may be allowed under NYRPTL §1184. Ontario

County likewise has not adopted any procedures for permitting a homeowner to redeem after

the deadline.

17.    Under Article 11 of the NYRPTL, homeowners do not receive any reimbursement from

the sale of their home at the tax foreclosure auction, regardless of the amount that is paid to the

county at the auction. The amount received at the auction is for the benefit of the county and

not for the benefit of the homeowner.

18.    Bankruptcy Courts in this District have held that for bankruptcy purposes, the date of

transfer of ownership in an in rem tax foreclosure proceeding under Article 11 of the NYRPTL

is the date the judgment of foreclosure is taken. The recording of the deed has been held to be

ministerial.

Case 2-19-02011-PRW,   Doc 2,   Filed 04/25/19,   Entered 04/25/19 16:52:52,
Description: Main Document  , Page 4 of 14

19. The Chapter 13 Trustee may avoid any transfer by a debtor, whether voluntary or involuntary, that was made within 2 years of the filing of the petition, if the debtor received less than a reasonably equivalent value in exchange for such transfer and was insolvent on the date of such transfer. 11 U.S.C. §548(a)(1)(B)(i) and ii(I).

## V. STATEMENT OF FACTS

### A.     Subject Premises and Debtor's Household

20.     The subject property consists of a single family home and farm situated on 49.6 acres, located at 9097 County Road 14, Town of Honeoye Falls, Ontario County, New York. This property is designated as Ontario County property tax parcel 325000 51.00-1-78.00.

21.     At the time the tax foreclosure was commenced in 2015, the subject property was assessed at $186,600,000, which amount has been provisionally used by Debtor in her Chapter 13 filing.

22.     Debtor's parents purchased the farm at 9097 County Road 14 over 30 years ago. Debtor grew up on the farm. Approximately 15 years ago, Debtor's father passed away. Debtor's mother continued to live in the property until she suffered a severe stroke in December 2016. On December 29, 2014, Debtor's mother deeded 9097 County Road 14 to Debtor. At that time, Debtor's sister also moved into the property. It was understood between the parties that Debtor's mother and sister would pay the real property taxes on the home. Debtor owns no other real property but 9097 County Road 14.

23.     It is Debtor's intention to move back into 9097 County Road 14 with her three children. Her intention in withdrawing funds from her annuity in November 2018 was to pay the tax arrears and also update 9097 County Road 14.

Case 2-19-02011-PRW,   Doc 2,   Filed 04/25/19,   Entered 04/25/19 16:52:52,
Description: Main Document  , Page 5 of 14

24.     Debtor's income is Social Security Disability and an annuity resulting from a lawsuit settlement with New York State. Debtor's disability is a result of the trauma caused by the underlying incident that was the basis of the lawsuit against New York State. This provides her with enough income to pay annual real property taxes on 9097 County Road 14 and all other living expenses.

**B.          State Court proceedings**

25.     Debtor first became aware that a foreclosure proceeding had been initiated in December 2016, when she received a post card from Ontario County stating that 9097 County Road 14 was to be sold at a tax foreclosure sale if the real property taxes arrears were not paid for by January 13, 2017. Up until her receipt of the postcard, Debtor had not received any prior information regarding back taxes owed or any notice that a foreclosure proceeding had started. Ontario County contends that notice was sent to Debtor's incorrect address as well as her correct address via certified mail and first-class mail.

26.     Debtor is unsure of the exact date she received the postcard as her mother had recently experienced a stroke in December 2015, and Debtor was pre-occupied with these circumstances. As stated in Ontario County's June 14, 2017, Response Affidavit to the Order to show Cause, the earliest interaction between Debtor and Ontario County regarding the unpaid taxes took place on December 16, 2016, when her boyfriend emailed Ontario County to request information about the pending foreclosure less than one month before the redemption date.

27.     Debtor herself then contacted Ontario County to gather more information about the foreclosure and was told by a representative that she could either pay the full amount of delinquent taxes, file a bankruptcy, or contest the service but that nobody had been successful in contesting service in the last decade. With only weeks to come up with the money to pay off the

delinquent taxes, Debtor attempted to arrange for private financing but was ultimately unable to secure the funds needed by the redemption date of January 13, 2017.

28.    On March 2, 2017, Hon. Frederick G. Reed signed the Default Judgment Pursuant to NYRPTL §1136. The Default Judgment was filed in the Ontario County Clerk's Office on March 7, 2017.

29.    The judgment of foreclosure awarded Ontario County possession of Debtor's home. The judgment authorized Ontario County to record a deed conveying to Ontario County full and complete title to her home and barring Debtor from any right, title, interest, claim, lien or equity of redemption in her home.

30.    Ontario County has not recorded a deed pursuant to the judgment.

31.    In an attempt to find out why she had never received any notice informing her of the unpaid taxes or the foreclosure action, Debtor submitted a Freedom of Information Law (hereafter "FOIL") request to Ontario County, to which Ontario County responded by email on May 5, 2017.

32.    In response to Debtor's FOIL request, Ontario County returned to Debtor documents indicating only that it had sent correspondence regarding the unpaid taxes, including official tax bills and the Petition and Notice of Foreclosure proceeding, to the following names and addresses: Duvall Bert J III & Polito Alice at 9097 Co. Rd. 14, Honeoye Falls, NY 14472; and DuVall Cori at 6796 Jenks Rd., Canandaigua, NY 14424. Neither of these addresses were the Debtor's correct address. Debtor's correct address at that time, as indicated on the recording page of the deed filed with the Ontario County Clerk on January 12, 2015, is 6797 Jenks Rd, Canandaigua, NY 14424. Upon information and belief, 6796 Jenks Rd. is a non-existent address.

33.    After seeing that the FOIL request did not show any notices or Petitions of Foreclosure being sent to Debtor's recorded actual address, Debtor filed an Order to Show Cause to stop the sale of the home on May 16, 2017. It was signed by Hon. William F. Kocher, acting Supreme Court Justice. Acting Justice Kocher amended the Order to Show Cause on May 17, 2017, to allow Ontario County to put the home up for auction that night, but added to the Order to Show Cause that it would not be allowed to transfer title of the property until all legal actions were over.

34.    After Debtor filed the Order to Show Cause, Debtor's attorney sent a test letter to 9796 Jenks Road via regular first class United States Mail to see if it would be delivered to Debtor. It was sent back as "Return to Sender, Not Deliverable As Addressed, Unable to Forward."

35.    Ontario County filed a reply affidavit with multiple exhibits opposing the Order to Show Cause. Ontario County argued that they had sent notice not only to 6796 Jenks Road, but also to 6797 Jenks Road via certified mail and first -lass mail. They produced a copy of the certified mailing label which stated "Return to Sender, Unclaimed, Unable to Forward" for both 6796 Jenks Road and 6797 Jenks Road. Additionally, Ontario County argued that the Debtor was beyond the one-month statute of limitations to reopen a default judgment pursuant to NYRPTL 1131, and that the Debtor had actual notice.

36.    Debtor, through her attorney, filed a reply affirmation with additional exhibits, questioning the exhibits and affidavit of Ontario County including the copies of the certified mail receipts and the reason it was returned to Ontario County, which was at odds with the certified mailing that was mailed by the attorney for the Debtor. The reply affirmation also questioned the Affidavit of Posting, Service and Publication, the affidavit of service for the in rem tax

foreclosure. Additionally, the Debtor asked for an evidentiary hearing with discovery to make a determination if notice had actually been served.

37. Oral argument was heard on June 26, 2017 before acting Supreme Court Justice Frederick G. Reed. Justice Reed issued a decision and order, filed in the Ontario County Clerk's Office on July 7, 2017, denying the Order to Show Cause and stating that Ontario County had demonstrated proper service and that the Debtor had actual knowledge.

38. Debtor filed a Notice of Appeal on July 13, 2017, with the Ontario County Clerk and served it upon the attorney for Ontario County, the Ontario County Treasurer and the Supreme Court Appellate Division, Fourth Department on July 14, 2017. The real property continued to be in Debtor's name, pursuant to the Amended Order to Show Cause.

39. Debtor filed her Respondent-Appellant Brief on April 12, 2018. In it, Debtor argued that the Ontario County Supreme Court did not have jurisdiction to grant the default judgment due to improper notice and that the default judgment was a nullity; that the Ontario County Supreme Court abused its discretion by not having an evidentiary hearing when questions of fact were raised; that the 30 day requirement to reopen a default judgment under NYRPTL §1131 was not applicable as the lower Court lacked jurisdiction; and that, in the interests of justice, Ontario County Supreme Court committed reversible error when it failed to reopen the default judgment.

40. Ontario County filed its brief on May 14, 2018 and in that brief argued that the Ontario County Supreme Court properly denied Debtor's application as time-barred; that Debtor failed to demonstrate grounds for vacatur of the default judgment; and that Debtor's arguments pertaining to the affidavit of service, posting and publication must be rejected.

41. Arguments regarding the appeal were heard by the Appellate Division Fourth Department on October 24, 2018 by Justices Smith, Carni, Lindley, DeJoseph and Winslow.

9

42.    On February 8, 2019, a decision was rendered by the Appellate Division-Fourth Department denying Debtor's appeal and affirming the Order of the Ontario County Supreme Court. The Appellate Division found that the Order to Show Cause was properly denied as untimely. Additionally, they found that notice was sufficient even though notice had been sent to incorrect and non-existent address, and that Debtor failed to preserve her contention that the court should have vacated the default judgment in the interests of substantial justice.

43.    On February 28, 2019, Debtor filed a motion to reargue the appeal with the Appellate Division. That motion was withdrawn without prejudice on March 28, 2019.

### C.         Bankruptcy Court Proceedings

44.    On March 1, 2019, Debtor filed the above captioned Chapter 13 proceeding.

45.    Debtor proposes in her Chapter 13 Plan to pay 100% of the property tax arrears of $21,486.49, plus any subsequent taxes and interested owed as assessed by Ontario County.

46.    Debtor proposes in her Chapter 13 Plan to pay 100% of the claims of her unsecured creditors. Debtor proposes payments to the Chapter 13 Trustee through direct payment to the Trustee via a monthly amount, and a lump sum when all claims are determined. Debtor has in her possession $94,574.09 in a checking account ready to pay all real property taxes and unsecured debt owed. This money had previously been withdrawn from her annuity in contemplation of either Ontario County agreeing to settle the state court litigation or a non-adverse ruling by the Fourth Department Appellate Division.

47.    Debtor has claimed 9097 County Road 14 as exempt pursuant to 11 U.S.C. §522(d)(5).

48.    Debtor asserts that retention of 9097 County Road 14 is essential for her reorganization.

Case 2-19-02011-PRW,   Doc 2,   Filed 04/25/19,   Entered 04/25/19 16:52:52,
Description: Main Document , Page 10 of 14

49.     Debtor is seeking to avoid the transfer of the family farm in order to preserve it and thereby pay off her creditors through the Chapter 13 plan that was filed on March 1, 2019. If the transfer of the 9097 County Road 14 is allowed to stand, one creditor, Ontario County, will benefit at the expense of the other creditors.

50.     The Chapter 13 Trustee has not attempted to set aside the transfer of Debtor's home to Ontario County, pursuant to 11 U.S.C. §548(a)(1)(B). Debtor asserts the power to step into the shoes of the Trustee to avoid the transfer under 11 U.S.C. §522(h).

### D.     The tax foreclosure of Debtor's home was a fraudulent transfer

#### *i.*     The Debtors have an interest in the property

51.     The subject property consists of a single family home and farm located on 49.7 acres at 9097 County Road 14, Town of Honeoye Falls, Ontario County, New York.

52.     Debtor owns this property by virtue of a deed, dated December 29, 2014, recorded in the Ontario County Clerk's Office on January 12, 2015 at Liber 01331 at page 361.

53.     Debtor's home is not encumbered by any mortgage, outstanding judgments or liens other than the property tax lien.

#### *ii.*     The transfer of Debtor's interest occurred within two years of her filing of the bankruptcy

54.     On March 2, 2017, Ontario County Court granted Ontario County a judgment of foreclosure in the *in rem* proceeding, which Ontario County filed against Debtor's home for unpaid taxes.

55.     On March 1, 2019, Debtors filed the above-captioned Chapter 13 petition within two years of the transfer of the property pursuant to the default judgment.

#### *iii.*     The transfer was without reasonably equivalent value

11

56.     At the time of the redemption deadline, Ontario County assessed property taxes on Debtor's home based on an assessed value of $186,600.

57.     Ontario County foreclosed on Debtor's home for unpaid property taxes of $21,486.49.

58.     Under Article 11 of the NYRPTL, Debtor will not receive any reimbursement from the sale of her home at the tax foreclosure auction, regardless of the amount that is paid to Ontario County.

59.     Under Article 11 of the NYRPTL, Ontario County will instead retain any surplus over the property tax arrears from the sale of Debtor's home.\

60.     Ontario County will have transferred the property to itself for only 11.5% of the total value of the property.

### *iv.* **The Debtors were rendered insolvent by the transfer**

61.     Debtor was insolvent or was rendered insolvent by the transfer of her home. At the time of the transfer, the value of her debts outweighed the value of her non-exempt assets. Her assets and liabilities are set forth in the schedules of her Chapter 13 filing. At the time of the transfer, Debtor's non-exempt assets were considerably less than when she filed the Chapter 13 petition, as Debtor had not yet withdrawn the funds for her exempt annuity to pay the tax arrears. That amount was withdrawn after New York State Court approval in November of 2018. Her assets at the time of the transfer would have simply been 9097 County Road 14, her car, her household goods and her annuity.

## VI.  CLAIMS FOR RELIEF

### A.     <u>First Claim for Relief, as to Defendant Ontario County</u>

62.     Ontario County is subject to Article 11 of the New York State Real Property Tax Law (NYRPTL) as it has not exercised an option to opt out of this article.

Case 2-19-02011-PRW,  Doc 2,  Filed 04/25/19,  Entered 04/25/19 16:52:52,
Description: Main Document , Page 12 of 14

63.     Under Article 11 of the NYRPTL, a judgment of foreclosure obtained by Ontario

County results in the loss of ownership of such property and all rights in that property by

the Debtor in favor of the County. NYRPTL §1136(2) and (3).

64.     Debtor is entitled to avoidance of the transfer of her home by tax foreclosure pursuant

to 11 U.S.C §522(h), as the transfer could have been avoided by the Trustee under 11U.S.C

§548(a)(1)(B) and because the Trustee has not attempted to avoid the transfer.

65.     Pursuant to 11 U.S.C. §548(a)(1)(B), the Chapter 13 Trustee may avoid any transfer

by the Debtor, whether voluntary or involuntary, that was made within 2 years of the filing

of the petition, if the Debtor received less than a reasonably equivalent value in exchange

for such transfer and was insolvent on the date of such transfer.

66.     Debtor has claimed her home as exempt pursuant to 11 USC §522(d)(5).

67.     Debtor filed a Chapter 13 bankruptcy on March 1, 2019, within two years of the

transfer.

68.     The transfer of title to Debtor's home, pursuant to a judgment obtained by

defendant Ontario County, dated March 2, 2017, as a result of unpaid property taxes

assessed against Debtor's home in the amount of approximately $21,486.89, was not for

reasonably equivalent value.

69.     The transfer of 9097 County Road 14 to Ontario County was involuntary and without

reasonably equivalent value. The transfer rendered the debtor insolvent.

B.       **Second Claim for Relief, As to Defendant "John Doe" and "Jane Doe"**

70.     The Debtor repeats and alleges paragraphs 1-69 above.

13

71.    The Debtor's claims against defendant Ontario County are applicable to any "John Doe" or "Jane Doe" purchaser of Debtors' home at the property tax foreclosure auction on May 17, 2017 by Ontario County.

**WHEREFORE,** Debtor, the plaintiffs herein, respectfully request that the Court enter judgment against Defendant Ontario County:

1.    Avoiding the transfer of title to Debtor's home as set forth in the final judgment obtained on March 2, 2017, by defendant Ontario County, in the *in rem* property tax foreclosure, brought against Debtor's home for unpaid property taxes;

2.    Avoiding the transfer of title to Debtor's home to any "John Doe" and "Jane Doe" purchasers of her home at the property tax foreclosure auction, held by Ontario County, on May 17, 2017 and avoiding such transfer of title to any other successors in interest to Ontario County;

3.    Restoring Debtor's ownership and possessory rights to her home as set forth in the deed dated December 29, 2014, recorded in the Ontario County Clerk's office on January 12, 2015 at Liber 1331 at page 359, subject to her Chapter 13 plan, filed on March 15, 2019; and

4.    Granting Debtor such other and further relief as may be deemed just and proper.

DATED: April 25, 2019
Rochester, New York

_____
Zachary J. Pike
The Legal Aid Society of Rochester
Attorney for Plaintiff/Debtor Cori DuVall
1 West Main Street, Suite 800
Rochester, NY 14614
(585) 295-5784
zpike@lasroc.org

14