UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In Re:

CORI DUVALL                                    BK Case No.: 2-19-20179

                              Debtors,

CORI DUVALL

                              Plaintiffs,

                                               Adv. Proc. No.: 19-2011
-against-

COUNTY OF ONTARIO, NEW YORK, and
"JOHN DOE" and "JANE DOE",

                              Defendants

## RESPONSE TO DEFENDANT'S MOTION IN LIMINE

Plaintiff, Cori DuVall (the "Debtor"), by her attorney, The Legal Aid Society of

Rochester, New York, Zachary J. Pike, Esq., of counsel, states the following in support of the

Debtor's Response to the County of Ontario's (the "Defendant") Motion in Limine which seeks a

determination that expert testimony regarding the value of a settlement annuity will be

admissible at the trial of the above adversary proceeding.

### I. PRELIMINARY STATEMENT

1. The Defendant's motion in limine is brought requesting a determination of the

admissibility of testimony regarding the Debtor's annuity. However, the underlying issue that

must be addressed is whether the Defendant can challenge the Debtor's exemption of the annuity

in contravention of the deadline imposed by Bankruptcy Rule 4003(b)

1

2. The Defendant cannot object to the exemption of the annuity as Bankruptcy Code 11 U.S.C. §522(l) and Bankruptcy Rule 4003(b) have deemed the asset exempt and objection time barred and an insolvency analysis of the date of transfer is not an exception to Rule 4003(b) that would allow the Defendant to challenge the exemption. The Supreme Court has made it clear that a failure to object deems the asset exempt. Additionally, the character of the annuity, and the exemption claimed would be unchanged between March 7, 2017 and March 1, 2019. To challenge the exemption for an insolvency determination of March 7, 2017 is challenging the exemption on March 1, 2019. Finally, while the Code makes provisions for a party in interest to challenge an exemption in a 11 U.S.C. §522(f) lien avoidance proceeding, it makes no exceptions for a §548 proceeding.

3. The Defendant's substantive argument focuses on the fact that an insolvency analysis must be made on the date of transfer. There is no argument with that. However, it does not follow that the Defendant can use that insolvency analysis to challenge the exemption after the deadline imposed by Rule 4003(b). The Defendant provides no case or statute that allows them an exception to Rule 4003(b), other than lien avoidance proceedings which are specifically governed by Rule 4003(d).

4. The Defendant's equity argument ignores the notices it received regarding the exemption and the forthcoming adversary proceeding. The Defendant has also not shown that the equitable remedy it seeks is within the confines of the Bankruptcy Code.

5. As a preliminary matter, the Defendant's motion in limine asserts or argues irrelevant issues or facts to the underlying issue necessary for adjudication. The Defendant does not admit any fact or argument made in the motion in limine, unless specifically stated so below. A failure

to address a specific alleged fact, opinion, or legal argument that is not relevant to the underlying issue is not a concession to that alleged fact, opinion or legal argument.

## II. ADDITIONAL BACKGROUND

6. Along with her schedules, the Debtor filed her Chapter 13 Bankruptcy Plan on March 14, 2019. (See Exhibit A & Plaintiff's List of Witnesses & Exhibits Exhibit 2) The plan stated in paragraphs 2.4 and 8 "Debtor will bring an adversarial proceeding to undo the default judgment foreclosure transfer of 9097 County Rd 14 to Ontario County pursuant to Bankruptcy Code Section §§548. Upon avoidance of the transfer, debtor will pay all money owed to Ontario County, approximately $42,000.00. Additionally, debtor will pay any remaining claim of unsecured creditors and trustee fee not paid for by the monthly $50.00 plan payment." (See Exhibit A) Additionally, paragraphs 2.4 and 8 are referenced in paragraph 3.1.

7. On February 25, 2019, prior to filing the bankruptcy on March 1, 2017, the Debtor sent a letter attempting to settle the matter to Holly Adams, Esq., the Ontario County Attorney and to the Defendant's counsel stating that if a settlement cannot be reached with regards to 9097 County Road 14, the Debtor would consider filing a bankruptcy and file an adversary proceeding to undo the tax foreclosure pursuant to §548. While the Debtor will not attach the letter as it was for settlement purposes, the relevant section stated "Furthermore, Judge Geraci found for the debtors in the recent Bankruptcy Code §548 cases. While I know that decision is being appealed, Ms. DuVall is still within her rights, and the current law, to file a bankruptcy and undo the transfer of the property to Ontario County. That is currently the option of legal recourse we are most considering," (See exhibit B -email to Holly Adams, Esq. & Jason DiPonzio, Esq.)

8. The 341 Hearing Meeting of the Creditors was held on April 15, 2019 and the Defendant did not appear. The deadline to object to an exemption or ask the Court for an extension was May 15, 2019 pursuant to Bankruptcy Rule 4003(b).

9. The Debtor sent information related to the annuity to the Defendant before January 2020. The initial disclosures pursuant to Federal Rules of Civil Procedure Rule 26 on July 14, 2019. It was noted in the attached correspondence that a summary of the annuity could not be found but would be forwarded once found and that the Debtor would be subpoenaing annuity documentation. Also included in the initial discloses were the name and address of the annuity, and the Stipulation and Order allowing transfer of the portions of the structured settlement payments (the annuity) to JG Wentworth Originations, LLC in return for an upfront payment.

10. On August 27, 2019, the Debtor replied to the Defendant's discovery demands and provided the following documents concerning the annuity to the Defendant:

a. Court of Claims Summary Judgment Motion in favor of Debtor against New York State;

b. Stipulation of Discontinuance with Prejudice of the Court of Claims Action;

c. Judgment dismissing Action Based upon Settlement of Federal Court Action;

d. Qualified Assignment Agreement from Pacific Life & Annuity Services which references a settlement date of July 11, 2011.

11. Also, the August 27, 2019 correspondence regarding the discovery demands noted that the Debtor would continue to seek pertinent documents and forward them to the Defendant.

12. While discovery did continue to February 2020, that was for the benefit of the Defendant to provide discovery. The Debtor made her discovery demands on September 3, 2019 and received a response to those discovery demands on January 23, 2020.

4

13. The Debtor provided the Defendant copies of subpoenaed records on February 16, 2020, March 2, 2020 and March 5, 2020.

## III. THE DEFENDANT CANNOT CHALLENGE THE EXEMPTION OF THE ANNUITY AS §522(l) AND 4003(b) BAR AN OBJECTION TO EXEMPTION AND AN INSOLVENCY ANALYSIS OF MARCH 7, 2017 IS NOT AN EXCEPTION THAT ALLOWS A PARTY IN INTEREST TO LITIGATE AN OBJECTION TO AN EXEMPTION THAT THE BANKRUPTCY CODE TIME BARS

14. The motion is framed as a request for the admissibility of the Defendant's expert witness, but the real issue is whether the Defendant can now challenge the exempt annuity in an attempt to prove the Debtor solvent. The Defendant cannot challenge the exemption of the debtor's annuity, whether it was prospectively in the bankruptcy case, or for an insolvency determination at the time of transfer of 9097 County Road 14. Bankruptcy Code §522(l), Bankruptcy Rule 4003(b) and applicable Supreme Court cases make it clear that the Defendant was a party in interest whose opportunity to object and challenge that exemption is now time barred and there is no authority that makes an exception for the Defendant to challenge the exemption.

### A. Bankruptcy Code §522(l) and Bankruptcy Rule 4003(b) prevent objections to exemption after the prescribed deadline

15. There is no exception to 4003(b) that allows an exemption to be challenged in a §548 adversary proceeding, nor is it necessary to re-litigate an exemption for an insolvency analysis, whether that analysis is for the time of filing, or for a date within 2 years of filing. The Court does have to determine insolvency at the date of the transfer of 9097 County Road 14, but

5

insolvency analysis does not mean that exempt property can now be challenged after the period of time prescribed by Rule 4003(b).  As stated in Law v. Siegel "A debtor need not invoke an exemption to which the statute entitles him; but if he does, the court may not refuse to honor the exemption absent a valid statutory basis for doing so." Law v. Siegel 571 US 415, 134 S. Ct. 118.  The Defendant has not provided a valid statutory basis on why they can now challenge the exemption.

16.  Pursuant to Bankruptcy Code §522(l) "The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section.  If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor.  *Unless a party in interest objects, property claimed as exempt on such list is exempt.*" [Emphasis added]  Bankruptcy Rule 4003 entitled "Objecting to a Claim of Exemptions" defines the procedure for an objection as "a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of the creditors held under 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for extension."

17.  The Defendant, a party in interest, never filed an objection to the Debtor's exemption of their annuity within the time frame described by Rule 4003(b) and thus the property is exempt pursuant to §522(l). (See Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S. Ct. 1644; In re Carpenter 2006 Bankr. Lexis 1009, 2006 WL 1518998; Cole v. Sadkin (In re Sadkin), 36 F.3d 473)

18. The issue of whether the property is exempt is critical to the determination of the debtor's insolvency. Bankruptcy Code §101(32) states that insolvency is a simple balance sheet test of assets less debts, excluding those assets that are exempt. Because the annuity is exempt, it is not part of the insolvency determination.

19. The Debtor does not dispute that insolvency must be determined at the date of the transfer. However, the fact that an insolvency analysis for this matter incorporates a different date than the date of the filing of the petition does not release the Defendant of its duty as a party in interest to timely object to an exemption. There is no code provision which authorizes the excluding on an exempt asset from an insolvency analysis in this circumstance.

20. §522(l) and Rule 4003(b) make it evident that the annuity, listed as unknown, and exempted up to 100% of its value under §522(d)(11)(E), which has no dollar amount limit, is exempt as there have been no timely objection made. Supreme Court cases of Taylor v. Freeland & Kronz and Schwab v. Reilly affirm this determination. (See Taylor v. Freeland & Kronz 503 U.S. 638; 112 S. Ct. 1644 & Schwab v. Reilly 560 Y,.S. 770; 130 S. Ct. 2652)

21. The Defendant challenges that to present its defense it must now be able to challenge the exemption for March 7, 2017, but admits it is not challenging for the filing of the petition and anytime thereafter. (See Defendant's motion in limine paragraph 59).

22. However, this proposition asks the Court to take an exempt asset, and declare it possibly non-exempt, in the same bankruptcy case, where there is no discernable difference regarding the asset between the two dates, especially in the context that the full value, which is not limited to a dollar amount, has been exempted. If the annuity is exempt now it would still be exempt on March 7, 2017. The annuity, as an asset, has not changed in character between March 7, 2017 and March 1, 2019. The Defendant has not provided any contrary statutory authority,

7

opinion or rationale why this asset can be both fully exempt, and non-exempt in a single bankruptcy case.

**B. Applicable Supreme Court cases reinforce that the annuity is exempt**

23. The Debtor's position is supported by the applicable Supreme Court cases that review Rule 4003(b). In Taylor v. Freeland & Kronz a debtor claimed the possible proceeds of a lawsuit as fully exempt and listed the value of proceeds as "unknown". The trustee in that case did not object to the exemption within 30 days as prescribed by 4003(b) but sought the proceeds nonetheless and challenged 4003(b) arguing that §522(l) and 4003(b) serve only to narrow judicial inquiry into the validity of an exemption after 30 days, not to preclude judicial inquiry all together. The Court held that the trustee could not contest the validity of the claimed exemption after the 30 day period of Rule 4003(b), even if a debtor had no colorable basis for claiming the exemption. The fact that the amount listed was "unknown" was not seen by the Court as the debtor "hiding the ball" but rather as notice to the trustee to object. Taylor v. Freeland & Konz 503 U.S. 638; 112 S. Ct. 1644

24. In Schwab v. Reilly the Court reaffirmed its decision in Taylor, while also defining the exemption of a debtor in an interest in property, so that, if the actual value of an asset was more than what the debtor estimated, and the debtor could not exempt their interest to the actual dollar amount, the trustee did not have to object to an exemption to preserve the estate's ability to recover value "beyond the dollar value the debtor expressly declared exempt."

25. In distinguishing Taylor, Schwab stated "The debtor in *Taylor* did *not*, like the debtor here, state the value of the claimed exemption as a specific dollar amount at or below the limits the Code allows. Instead, the debtor in *Taylor* listed the value of the exemption itself as '$*unknown*'" The Schwab Court also stated that Taylor "does not rest on this premise. It

8

establishes the straightforward proposition that an interested party must object to a claimed exemption if the amount the debtor lists as the "value claimed exempt" is not within statutory limits, a test the value ($ *unknow*) in *Taylor* failed, and the values ($8,868 and $1,850) in this case pass." Schwab v. Reilly 560 U.S. 770; 130 S. Ct. 2652

26. Scwhab is also distinguishable from Taylor in that it was allowing a trustee to preserve his right to the value above a claimed exemption for the bankruptcy estate. The Defendant, a party in interest, is not the trustee and not preserving the estate's ability to recover value.

27. Additionally, the Court stated in Law v. Siegel "But even assuming the Bankruptcy Court could have revisited Law's entitlement to the exemption, §522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate." Law v. Siegel 571 US 415 at 423. While that case was not the same procedurally at this matter, the proposition that considerations outside of what is explicitly in the Bankruptcy Code cannot be used in determining an exemption holds true. The Defendant has not identified a provision of the Bankruptcy Code that states the annuity is not exempt or that they could challenge the annuity.

28. The Debtor's exempted her annuity pursuant to §522(d)(11)(E) on schedule C with a value of "unknown" and claiming 100% of fair market value, like the debtor in Taylor. The fact that the amount listed as unknown would put a trustee or interested party on notice of the possible need to object. The fact that 100% of its fair market value was exempted under an exemption that does not have a statutory maximum allows the entire annuity to be exempt, even if the debtor had no colorable basis for the exemption, something which we do not admit. Both Taylor and Schwab make clear that, in the Debtor's current bankruptcy case, if an interested

9

party does not object to the claimed interest by the time the Rule 4003 period expires the property is exempt for the amount claimed by the debtor, or the percentage of its fair market value. This holds true for an insolvency analysis in an adversary proceeding under §548 as it does for any other section of the Bankruptcy Code.

## C. The character of the annuity has not changed between
## March 7, 2017 and March 2, 2019

29. The debtor does not believe there needs to be a further analysis of the asset as it is exempt, as the Debtor fully contends that the annuity, a settlement from a lawsuit with New York State stemming from incidents that happened when she was a minor was for loss of future earnings and was to extent necessary for her support (See Exhibits 7, 8, 9 & 10 in Plaintiff's List of Witnesses and Exhibits). However, it is important to note that there had been no drastic change concerning the annuity between March 7, 2017 and March 1, 2019. The character of the annuity is the same on both those dates.

30. The debtor did contract with J.G. Wentworth and sold her monthly payments for January 1, 2019 to December 31, 2019 and half her monthly payments from January 1, 2020 through December 1, 2031. This was done so that she could get an upfront amount that would allow her to pay her back taxes and recuperate the property, as her monthly annuity amount and social security disability check would not allow her to have the additional money necessary for these costs. The sale of the payments was authorized by Ontario County Supreme Court on November 9, 2018. The Debtor sold $210,781.44 of future annuity payments for $137,650.00. (See Defendant's Exhibit G, page 2 of the New York Disclosure)

31. This sale did not however change the character of the annuity. The payments of the annuity were simply assigned. They are still being paid out on the initial schedule, as set up in the settlement with New York State.

32. The annuity, pursuant to §522(l) and 4003(b), and admitted by the Defendant, is exempt in the Bankruptcy Case. Neither the asset or exemption have changed for analysis under §522(d)(11)(E), so it must also be exempt on March 7, 2017 and is excluded from an insolvency analysis. There is no statutory authority in the Bankruptcy Code or Rules that allows the Defendant to object to the exemption now.

33. While the Debtor does not believe the Court needs to use retrojection to resolve this motion in limine, the rationale behind retrojection is applicable. That is, if the asset was exempt at a later date, and the asset did not materially change during the interim period of time so that it would no longer be exempt, the asset would have been exempt earlier. (See In re Mama D'Angelo, Inc. 55 F.3d 552 (10th Cir. 1995), Irving Trust Co. v. Manufacturers' Trust Co., Bankr. M.D. Fl, 1983)

**D. Bankruptcy Rule 4003(d) demonstrates a statutory exception that allows a party in interest to challenge an exemption after the time prescribed in Rule 4003(b)**

34. The Debtor's position is further supported by Bankruptcy Rule 4003(d) which states: "Avoidance by Debtor of Transfers of Exempt Property. A proceeding under § §522(f) to avoid a lien or other transfer of property exempt under Code shall be commenced by motion in the manner provided by Rule 9014, or by serving a chapter 12 or chapter 13 plan on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint. *Notwithstanding the provisions of subdivision (b), a creditor may object to a request under*

11

*§§522(f) by challenging the validity of the exemption asserted to be impaired by the lien."*
[Emphasis added]

35. Rule 4003(d) carves out a specific exception to 4003(b) to allow the challenging of the validity of an exemption in a proceeding to avoid a lien under §522(f). Rule 4003 and the Bankruptcy Code make no other exceptions. The Court stated in response to the Trustee slippery slope arguments regarding bad faith in <u>Taylor</u> ".Congress may enact comparable provisions to address the difficulties that Taylor predicts will follow our decision. We have no authority to limit the application of §522(l) to exemptions claimed in good faith." Likewise, had Congress wanted to allow other exceptions to the time limit of Rule 4003(b), such as an adversary proceeding under §548 of the Bankruptcy Code, they could have enacted more exceptions. In fact, the last sentence of Rule 4003(d), "Notwithstanding the provisions of subdivision (b), a creditor may object to a request under §522(f) by challenging the validity of the exemption asserted to be impaired by the lien." was added in 2008. Since 2008 Congress has not sought it necessary to expand the exceptions to 4003(b) that would allow a party in interest to challenge an exemption past 30 days after the 341 hearing.

36. The Notes of Advisory Committee on 2008 amendments to Bankruptcy Rule 4003(d) states: "Subdivision (d) is amended to clarify that a creditor with a lien on property that the debtor is attempting to avoid on the grounds that the lien impairs an exemption may raise in defense to the lien avoidance action any objection to the debtor's claimed exemption. The right to object is limited to an objection to the exemption of the property subject to the lien and for purposes of the lien avoidance action only. The creditor may not object to other exemption claims made by the debtor. Those objections, if any, are governed by Rule 4003(b)."

Case 2-19-02011-PRW, Doc 28, Filed 08/14/20, Entered 08/14/20 14:36:04,
Description: Main Document , Page 12 of 22

## IV. DEFENDANT'S ARGUMENT THAT BANKRUPTCY FILING IS NOT DETERMINATIVE OF INSOLVENCY AND EXEMPTION AS OF MARCH 7, 2017 IS INCORRECT

37. The Defendant's argument is that the exemption of the annuity only applies to March 1, 2019, the date of bankruptcy filing, and thereafter, and that it does not apply to March 7, 2017 and that the Court must analyze whether the Debtor could have exempted the annuity as of the earlier date, even if the Defendant missed the deadline set by Rule 4003(b) and that asset is now exempt.

38. The Court does have to do an insolvency analysis for March 7, 2017. However, it does not follow that the Defendant has the right to re-litigate the exemption. The exemption has been claimed and can be applied to the annuity as of March 7, 2017. As the exemption is for the full value of the annuity, and there is no maximum dollar amount of §522(d)(11)(E), the annuity would still be exempt on March 7, 2017. The Defendant does not get an opportunity to object well beyond Rule 4003(b) simply because an insolvency analysis must be done for a date other than the date of filing.

### A. Defendant's reasoning that because the transfer happened prior to the bankruptcy filing and 341 hearing, the deadline of 4003(b) is inapplicable is not within the Bankruptcy Code

39. The Defendant offers the following reasoning in Paragraphs 41 and 42 of the motion in limine "On March 7, 2017, Debtor had not yet filed her bankruptcy petition and had not yet filed a schedule of claimed exemptions. No 341 meeting of creditors had been scheduled, let alone been conducted or closed. *No 30 day window had even opened let alone closed, to allow a formal exemption to a claimed exemption*" and "Debtor's claimed exemption by default did not

13

come into existence until more than 2 years after the operative date of March 7, 2019. *For purposes of analyzing whether debtor was insolvent as of March 7, 2017, the exemption by default did not exist, and based upon the lack of bankruptcy filing as of that date, could not have existed.*" [Emphasis added]

40. The Defendant is arguing that because the transfer on March 7, 2017 preceded the bankruptcy, the exemption could not exist as they were claimed at a later date, and no 30 day window to object pursuant to 4003(b) could have run. First, the Code contemplates that the date of an avoidable transfer pursuant to §548 would precede the date of a bankruptcy filing. Secondly, because the March 7, 2017 happened before the May 14, 2019 deadline, the Court does not act as if we are in a time machine and the date of trial will be a legal fiction of March 7, 2017, where no 30 day deadline to file an objection to exemption has never run, and the Defendant would be allowed to challenge the exemption.

41. §548 is not a time machine that allows §522(l) to be re-litigated as if today is March 7, 2017. While, on the actual date of March 7, 2017, the exemption had not yet been claimed in a bankruptcy filing, neither did the bankruptcy case and yet, the code gives the Debtor the ability to undo the tax foreclosure of March 7, 2017. The Defendant had until May 15, 2019 to object to the exemption, or ask the Court for an extension and it did neither.

42. The Bankruptcy definition of insolvency pursuant to §101(32) excludes property that may be exempted from property of the estate section §522. The operative date of the transfer does not live in a bubble outside the Bankruptcy code. It is defined by §101(32), §522(l), §548 and Rule 4003(b). These statutes define the insolvency analysis, the adversary proceeding, and what property is exempt, and what is not exempt. The fact that a bankruptcy was filed after the

14

date of transfer, which it has to be, does not make these statutes inapplicable, and does not allow the Defendant to re-litigate an exemption in contravention of §522(l) and 4003(b).

43. This assertion of this legal fiction, that because an event happened prior to a deadline, no timeliness rules can apply, is not in accordance with the bankruptcy code. As the Court stated in Taylor "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." Taylor at 644

## B. Defendant's cases do not establish that the Defendant has the ability or right to challenge the exemption

44. Several of the cases used by the Defendant actually deal with New York State Debtor and Creditor Law and its definition of insolvency which differs from §101(32). (See O'Toole v. Karnani 460 B.R. 379; Kramer v. Chin, 492 B.R. 117) Debtor and Creditor Law 271, repealed this April 4, 2020, stated "A person is insolvent when the present salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured." That definition does not incorporate exemptions, and the need of a Court to re-litigate debtor's exemptions. These cases simply stand for the proposition that there must be an insolvency determination as of the date of the transfer at issue. They do not state that the Court must allow a defendant the opportunity to challenge exempt property after they missed the 4003(b) deadlines, as the statute being used by the Court did not incorporate the same definition of insolvency as §101(32).

45. The Defendant then holds out several §522(f) lien avoidance cases in an attempt to bolster their position. (see Liberty Nat'l Bank v. Bear 265 US 365; In re Morgan 149 BR 147; In re Armenakis 406 BR 589, Ryker v. Current (In re Ryker) 315 B.R. 664) These cases are not on point regarding the issue the Court faces now. First, Rule 4003(d) specifically gives creditors the

15

right to challenge an exemption in a §522(f) avoidance proceeding. Several of these cases existed prior to the 2008 amendment to 4003(d). However, prior to the 2008 amendment, there were differing opinions regarding the ability of a creditor to challenge an exemption in a §522(f) procedure. Some Courts, like those the Defendant cited would allow it. Others, held firmly to a Taylor analysis regarding the ability to challenge an exemption. (See In re Indvik, 118 Bankr. 993, In re Caruthers, 87 Bankr, 723, In re Hahn, 60 Bankr, 69, In re Towns, 74 Bankr. 563) Congress resolved this issue by amending Rule 4003(d) in 2008 for §522(f) avoidance proceedings, and only §522(f) avoidance proceedings. The fact that they did not enact a larger exception to the Rule 4003(b) deadline demonstrates that the exception the Defendant seeks to challenge the exemption does not exist in the Bankruptcy Code.

46. The Defendant cites Wisotzke v. County of Ontario, 2011 Bankr. Lexis 321 for the proposition that the Court must look at whether a debtor could have exempted the annuity on March 7, 2017. Wisotzke does not stand for that proposition. In that case, a debtor not titled to real property, claimed a homestead exemption, which had been found in an earlier Court decision not to be 11 U.S.C. §541 property. The Court was examining whether that debtor was an owner who could claim the homestead exemption, for standing purposes. There is no ownership or standing issue necessary to review in this case.

47. The Defendant also cites In re Sheets, 69. B.R. 542 and In re Ellis 274 B.R.782 for the proposition that the Bankruptcy estate is created under §541 and entitlement to exemptions are determined at the commencement of the case. This is not a controversial proposition. However, this simple proposition does not relieve the Defendant of having to object to an exemption by the Rule 4003(b) deadline, or create an exception that they can challenge an exemption later.

Case 2-19-02011-PRW, Doc 28, Filed 08/14/20, Entered 08/14/20 14:36:04, Description: Main Document , Page 16 of 22

**C. Defendant includes arguments that are relevant to an objection to exemption hearing, but irrelevant to determine whether they can object**

48. Finally, the Defendant in this argument section, instead of explaining why they should be allowed to challenge the exemption contrary to Rule 4003(b), begins to argue against the validity of the exemption, which is irrelevant to the underlying issue. The Debtor fully asserts that the exemption is proper under §522(d)(11)(E). The cases of In re Chavis, In re Jackson, and In re Romango are not relevant to the motion in limine or the determination if the Defendant can challenge an exemption. These cases would be useful in an actual objection to exemption. The Debtor will state that the Court can look beyond the settlement language used for tax purposes to what the actual reason the settlement was for, even though the annuity is not at issue here, it is the threshold question of whether the Defendant can untimely object to the annuity. (See In re Greenly 481, B.R. 299; In re Territo, 36 B.R. 667,

## V. DEFENDANTS EQUITY ARGUMENT

49. Defendant argues that equity should allow them to challenge the exemption and that they were ambushed by the Debtor. Factually, the Defendant has not demonstrated the need for equitable relief, nor shown the equitable relief sought is within the confines of the Bankruptcy Code.

**A. Factually, the Defendant was not ambushed by the Exemption**

50. The Defendant describes how they did not have enough time to file an objection because the adversary proceeding was filed after the 341 hearing and there was less than 30 days between filing or service of the complaint and the 30 day bar as established by 4003(b). The Defendant implies the Debtor was attempting to establish as exemption by ambush. This ignores the several official bankruptcy notices that the Defendant received such as the notice of the 341

hearing, additional communication between the parties, the duty of the Defendant as a noticed party in interest to protect their possible rights in the bankruptcy case and finally, the fact that the Defendant is a sophisticated litigant with experience in §548 adversary proceedings where they have also objected to exemptions before.

51. The bankruptcy petition was filed on March 1, 2019. The schedules and plan were filed on March 14, 2019 and the Debtor listed the County of Ontario, The County of Ontario Attorney, Holly Adams, Esq. and opposing Counsel as either a creditor or notice creditor.

52. The bankruptcy plan described in no uncertain terms that the Debtor planned on filing an adversary proceeding under §548 to undo the tax foreclosure and transfer back the property to the Debtor, to the hindrance of the Defendant.

53. The Debtor's attorney even sent a letter on February 25, 2019, prior to the bankruptcy filing to both the Ontario County Attorney and opposing counsel which told them that they planned to file an adversary proceeding to undo the tax foreclosure.

54. The Defendant was noticed of the 341 hearing and failed to attend. That would have been the occasion to question the Debtor regarding the annuity.

55. The Defendant has also been a defendant in several other §548 adversary proceedings or related bankruptcies for avoidance of a tax foreclosure. (See Hampton et al v. Ontario County of New York et al, AP No.: 2-17-2009, Gunsalus et al v. Ontario County, New York et al, Ap No.: 2-17-2008, In re Canandaigua Land Development LLC v. County of Ontario, AP No.: 2-11-2037, Wisotzke v. County of Ontario, AP No.: 2-10-2026) They have objected to exemptions in the related bankruptcy cases (See In re Gunsalus, Bankruptcy Case No.: 2-17-20445, ECF 24 and In re Hampton Bankruptcy Case No.: 2-17-20459, ECF 20 & 26) They are

a sophisticated litigant and the circumstances outlined in their motion in limine do not rise to an occasion where the Court should use equity in derogation of the Bankruptcy Code and Rules.

56. The Defendant was not ambushed by this exemption. The Defendant was notified and presented with clear statements of intent to bring an adversary proceeding and undo the tax foreclosure and transfer of 9097 County Rd 14. The Defendant should have been fully aware of the definition of insolvency pursuant to Bankruptcy Code §101(32) and the need to object to any exemption that they believed would impact insolvency.

## B. The Defendant has not shown that the equitable remedy sought is within the power of the Court as the Court's equitable powers must be exercised within the confines of the Bankruptcy Code

57. Additionally, the Defendant does not establish that the Court has the equitable power to allow the Defendant to now challenge the exemption. Bankruptcy Code 105(a) states "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." However, the Court in Law v. Siegel stated "It is hornbook law that 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code" and "Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits." Law v. Spiegel at 421

58. Furthermore, the Law Court stated "We have long held 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." Law at 421 Citing Northwest Bank Worthington v. Ahlers 485 U.S. 197, 206, 108 S. Ct 963. And further stated "the court may not refuse to honor the exemption absent a valid statutory basis." Law at 424

59. §522(l) states that if no party in interest objects, property claimed as exempt is exempt. 4003(b) gives a deadline for a party in interest to object. There is no statutory basis not to honor the exemption. As the <u>Taylor</u> Court held, the Code prohibits a party in interest from objecting after the deadline. <u>Taylor</u> at 643. The equity action the Defendant is asking for is, as the Court stated in <u>Law</u>, impossible to do as it is prohibited by the Bankruptcy Code. It is not within the confines of the bankruptcy court as 4003(d) makes explicit the procedure and timing needed for an objection to exemption.

60. As succinctly stated in <u>Cole v. Sadkin</u> "the use of equitable powers to sustain Perkins belated Objection would be inconsistent with the operation of Section §522(l), Bankruptcy Rule 4003(b) and the Supreme Court's interpretation of these provisions in *Taylor*. Simply put, Perkins missed the explicit thirty-day deadline for filing objections, and section 105(a) 'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.'" <u>Cole v. Sadkins</u> 36 F.3d 473, 1994 US App Lexis 30482 citing 2 *Collier on Bankruptcy* P 105.01[3]

## C. There is no equitable issue because the Debtor labeled the value of the annuity as unknown

61. Defendant also raises issue to the fact that the value of the annuity was labeled as unknown and that "precious few details" were given, in that a lack of information was inequitable. <u>Taylor</u> readily handles this argument as the debtor in that case did not have a colorable claim to an exemption, listed its value as "unknown" but the Supreme Court found that the trustee could not object to the exemption and seek the proceeds of the debtor's lawsuit because he failed to object within the time specified in 4003(b). Listing a value as "unknown" is not inequitable and did not deprive the Defendant of the ability to timely file an objection to the

20

exemption. If anything, pursuant to Taylor, it should have put the Defendant on increased notice that it might want to object to the exemption.

### D. Defendant's Slippery Slope Concerns

62. Furthermore, the Defendant in its equity argument then raises theoretical concerns about debtors "hiding the ball" or causing the slowdown of bankruptcy estate administration due to a motivation to file generic objections to exemptions. The Court in Taylor again directly dealt with that issue. It stated in response to the trustee's argument that their holding would create improper incentives for debtors to claim property as exempt on the chance that the trustee or creditors will fail to object that "Congress may enact comparable provisions to address the difficulties that Taylor predicts will follow our decision. We have no authority to limit the application of §522(l)." Should there be a concern of debtors waiting until after 30 days of a 341 hearing to file an adversary proceeding that warrants a change in §522(l) or Rule 4003(b), it is Congress's determination to make that change.

63. Additionally, the slippery slope argument regarding an avalanche of generic exemptions overlooks Rule 4003(b) where a party in interest can ask the Court for an extension of the 30 day deadline. If there is a windfall of avoidable transfers, with possibly objectionable exemptions, parties in interest can always ask the Court to extend the time to file an objection and allow for efficient estate administration.

### VI. CONCLUSION

64. The Defendant is barred by §522(l), Rule 4003(b) and Supreme Court cases from challenging the exemption to the annuity. The Defendant has not provided an exception based in the Bankruptcy Code or Bankruptcy Rules that would allow them to challenge the exception. The annuity is exempt in the Debtor's bankruptcy case, and as it has not changed in

character between March 7, 2017 and March 1, 2019, it is exempt on either date. The Defendant's equity argument also fails as the Defendant was well aware of an oncoming 548 adversary proceeding, and they have not shown that the remedy sought is within the confines of the Bankruptcy Code.

Dated: August 14, 2020
       Rochester, New York

_____
Zachary J. Pike, Esq.
Attorney for Cori Duvall, Debtor
1 West Main St
Rochester, NY 14614
Telephone: 585-295-5784
Fax: 585-232-2352
Email: zpike@lasroc.org

TO:    Jason S. DiPonzio, Esq.
       950 Reynolds Arcade Building
       16 East Main Street
       Rochester, NY 14614

22